## Miles H. Conrad v. Elizabeth Long.

*Wills: Condition: Separation of husband and wife: Public policy.*  A condition annexed to a devise to a married woman, that she shall not live with her husband, is in violation of public policy and void.

*Wills: Devise: Condition precedent.*  In a devise to a married woman, "upon this condition: if at any time subsequent she should conclude not to live with her present husband as his wife, but if she continue so to live as the wife of said husband until her death," then over to another, it is held there is nothing in the nature of a condition precedent.

*Devise: Void condition.*  The condition being void, the devisee takes an estate clear of conditions.

*Deeds: Certificate of acknowledgment: Married women.*  Defects in the certificate of the wife's acknowledgment will not exclude the deed as evidence of the transfer of the husband's title in a suit not involving the right of dower.

*Evidence: Ejectment: Legal title: Oral agreement.*  Rejecting an offer to show by parol in an action of ejectment that some arrangement existed whereby third parties were to have some interest in the land, is not error where no offer was made to prove a deed, and no foundation was laid for giving parol evidence of any conveyance or agreement; since noth-

ing but a conveyance of the legal title could defeat an action of eject-ment.

*Submitted on briefs October 27. Decided November 2.*

Error to Wayne Circuit.

*S. Larned* and *William Aikman, Jr.,* for plaintiff in error.

*George W. Coomer* and *L. S. Trowbridge,* for defendant in error.

CAMPBELL, J:

Elizabeth Long sued Conrad in ejectment for the undi-vided half of certain lands in Wayne county. Her title, which depends on a devise, is the main matter in issue before us. It was claimed by Conrad to have been invalid upon its face.

Both parties claimed under the same source of title, which was the will of one A. S. Conrad. He devised the lands in question to his mother for life. After her death it was to go in conformity with the following clause of the will:

"To my brother Frederick S. Conrad I give and bequeath the one-half so remaining, and the other half I give and bequeath to my sister Elizabeth Long, upon this condition: if at any time subsequent she should conclude not to live with her present husband, Henry Long, as his wife. But if she continue so to live as the wife of the said Henry Long until her death, then, in that case, I give and bequeath all my property, real and personal, remaining after the burial of my mother aforesaid, to my aforesaid brother Frederick S. Conrad."

It was claimed on behalf of Conrad that the condi-tion mentioned is a condition precedent, and is void, and that no estate could attach.

That the condition is void is admitted. It is contrary to the plainest principles of public policy to stipulate or pro-vide in this way for a separation of husband and wife as a condition to the enjoyment of an estate. No separation

against their will, except by divorce, is consistent with the nature of the marriage contract, which is of public as well as of private concern.

But we find here nothing in the nature of a condition precedent. The language is very blind, but it shows that the ultimate devise over to Frederick S. Conrad was to depend on whether Elizabeth Long continued to live with her husband until her death. The testator seems to have had an idea that her estate might vest and lapse from time to time, according to her leaving or remaining with her husband. This idea, of course, could not be maintained even upon a valid condition. But taking the whole clause into the account, we can only find in it a forfeiture of an estate on breach of condition, and not a condition precedent.

We think she took an estate clear of conditions. So far as the case presents any questions concerning the ambiguity of the condition or its precise meaning, we need not discuss them, for no interpretation would change the general quality of the condition as contrary to public policy, and the will must speak for itself as to its being a precedent or subsequent condition.

Error is assigned upon the reception of record evidence of a deed from Artemus Hosmer and wife to Abraham C. Truax, the objection being that the certificate of acknowledgment did not conform to the law concerning deeds of married women. But the title conveyed was that of the husband, and the deed was good against him, and the right of dower is not involved in this suit.

An attempt was made to show by George W. Coomer that some arrangement existed whereby he and one Day were to have some interest in the land. No offer was made to prove a deed, and no foundation was laid for giving parol evidence of any conveyance or agreement. As nothing but a conveyance of the legal title could defeat an action of ejectment, this testimony was properly excluded.

This embraces all the rulings complained of, which were called out by varied requests, covering in several instances

very similar questions. There were no facts left open for the jury, and the court below very properly so held, and directed a verdict for the plaintiff below, as all material things outside of the written evidence were settled by admissions.

The judgment must be affirmed, with costs.

The other Justices concurred.