IRA A. THAYER & WIFE *v.* VICTOR T. SPEAR,
EX'R OF ROSAN M. LEATHERS'S WILL.

*Will.   Public Policy.   Husband and Wife.*

The will provided that the legatee should have the income of the estate, and such
    further sums as her wants might demand, so long as she remained the wife of
    I. A. Thayer; but if she was " left a widow, or for any cause should cease to
    be the wife of said " Thayer, the whole estate should be given to the legatee;
    *Held*, that the condition is valid, and not against public policy.

APPEAL from Probate Court.   Heard by the court, December Term, 1884, Orange County, ROWELL, J.,. presiding. Decree of Probate Court affirmed.

The provisions of the will are sufficiently stated in the opinion of the court.

*E. J. McWain*, for the plaintiffs, cited, *Jones* v. *Randall*, 1 Cowp. 37; *Egerton* v. *Earl of Brownlow*, 4 H. L. Cas. 1; *S. C.* 23 L. J. Ch. 348; 1 Story Eq. 291; 2 Redf. Wills, 293; *Conrad* v. *Long*, 33 Mich. 78.

*N. L. Boyden*, for the defendant, cited, 3 Jarm. Wills, 706; 1 Redf. Wills, 445.

This case does not come within the spirit of *Conrad* v. *Long*, 33 Mich. 78.   There the legacy was given upon the express condition that the legatee should live separate and apart from her husband; but if she continued to live with her husband until her death, then it was given to another person.

The opinion of the court was delivered by

ROYCE, Ch. J.   Rosan M. Leathers bequeathed to her daughter, Alice E. Thayer, all of the income of her estate, and such further sums out of said estate as her needs and

wants might demand, so long as she remained the wife of Ira Allen Thayer, and left the amount of the sums to be paid to the said Alice to the judgment and discretion of her executor. In case her said daughter should be left a widow, or for any cause should cease to be the wife of the said Ira Allen Thayer, then all of the estate should be given to said daughter and subject to her control.

The case comes here upon exceptions taken to the judgment of the County Court affirming a decree of distribution made by the Probate Court. That decree followed the disposition made by the will, and directed the executor to pay to the said Alice all the income of the remainder of said estate, and such other sum as in his judgment and discretion he deems best, so long as the said Alice remains the wife of Ira Allen Thayer; and that in case the said Alice should be left a widow, or for any cause should cease to be the wife of the said Ira, he, the said executor, was directed to pay over all that might remain of said estate to said Alice. The appeal was taken by the said Ira and his wife; and it is claimed by the appellants that the condition named by the testatrix in making the bequest is void as being against public policy, and that the entire estate should have been decreed to the said Alice.

The ground upon which it is claimed that the provision of the will violates public policy is, that it furnishes an inducement to the wife to become the widow of her husband, or to separate herself from him in such a manner that she would cease to be his wife. The appellants, to sustain this claim, rely upon the rule as stated in 2 Redfield on Wills, 293; 1 Story's Equity Jurisprudence, 291; and the case of *Conrad* v. *Long*, 33 Mich. 78. The cases cited in support of the rule laid down in Redfield and Story, it will be found on examination, do not sustain the rule as here sought to be applied. They are generally cases in which an inducement was directly held out to encourage a voluntary separation of husband and wife, and where the intent to encourage

such a separation could be found in the language employed in making the bequest. They are none of them so similar in their facts to the case at bar that they can be considered authorities in it.

The first object is to ascertain, if possible, what the intention of the testatrix was; and we find no difficulty in reaching the conclusion, that it was to have her estate disposed of just as it has been by the Probate Court. It was a wise and prudent provision to make for her daughter. While she should remain a wife, her husband would be under obligation to support her, and hence the income, only, was absolutely left her during the continuance of that relation; but when she should cease to be a wife, and so become dependent upon her own resources, it was just and wise to provide that she should have the entire estate.

The judgment is affirmed, and ordered to be certified to the Probate Court.