[No. 12586. In Bank. — September 6, 1889.]

# CAROLINE BORN, Respondent, *v.* HERMANN HORSTMANN, Trustee, etc., et al., Respondents, and ELIZABETH LUX et al., Appellants.

Appeal — Stay of Proceedings — Bond — Partition — Interlocutory Decree. — The three-hundred-dollar undertaking on appeal *ipso facto* operates as a *supersedeas*, and stays all proceedings in cases where the appellants are not required by the judgment to perform any directions; and an order of this court staying proceedings is not essential to preserve the rights of appellants upon an appeal from an interlocutory decree in partition settling rights of property.

Id. — Modification of Order Staying Proceedings. — An order staying proceedings upon an appeal from an interlocutory decree in partition will not be modified when the appeal bond operates *ipso facto* as a *supersedeas*, and the motion presents an important question as to the construction of a will which ought to abide a hearing on the merits of the appeal.

Will — Condition as to Divorce — Public Policy. — A condition in a will that each of the daughters of the testator shall receive a certain portion of the estate in the event of becoming a widow, or otherwise becoming lawfully separated from her husband, is not void as against public policy, or as holding out an inducement for an unlawful separation of the daughter from her husband, but will be enforced as lawful and valid.

Id. — Conditions in Favor of Grandchildren — Rights of Contingent Devisees. — When a will provides that the income of the estate is to be paid to the children of the testator during their natural lives, and in the event of the death of any of them, one fifth part of the residue of the estate shall go to the lawful issue of such child, and in the event of a daughter becoming a widow, or otherwise lawfully separated from her husband, one fifth part shall go to such daughter, the children of a married daughter have an interest in the property, and are entitled to have it remain undisposed of by their mother until the conditions of the will are complied with, and to inherit the same upon the death of the mother before such condition shall happen.

Appeal from an interlocutory decree of the Superior Court of the city and county of San Francisco in an action for partition.

The facts are stated in the opinion of the court, except that the order staying proceedings, which was sought to be modified upon motion of Mrs. Zimmer, was made by the appellate court upon motion of the guardian *ad litem* of minor defendants, grandchildren of the testatrix, to

prevent the payment of any part of the *corpus* of the estate, or proceeds of the sale of the property under the decree, pending the appeal, to the daughters of the testatrix.

*Charles A. Sumner,* and *M. T. Moses,* for Appellants.

*E. J. Linforth,* and *Henry N. Clement,* for Respondent Elizabeth Zimmer.

PATERSON, J.—The three-hundred-dollar undertaking on appeal herein stays all proceedings on the judgment, independently of the restraining order made by the court on the twenty-seventh day of April, 1888. In *In re Schedel,* 69 Cal. 243, it was held that "sections 942 to 945, inclusive, apply to appellants who are required to perform the directions of the judgment or order appealed from." In the case before us the appellants are not required by the judgment to do anything. Therefore, the perfecting of the appeal by giving the undertaking mentioned in section 941 *ipso facto* operates as a *supersedeas,* and the order heretofore made herein on motion of appellants was not essential to preserve their rights on appeal.

Counsel for Mrs. Zimmer, one of the respondents, now asks for a modification of the order as to her, for the reason that by a decree of divorce made and entered in the superior court on the twenty-fourth day of May, 1888, dissolving the marriage which had existed between her and her husband, she has become "lawfully separated from her husband," and therefore is entitled, under the provisions of the will, to her one-fifth share of the money,—$2,540.06. In support of this motion a certified copy of the decree of divorce referred to is presented to us. As the three-hundred-dollar undertaking operates under the statute as a stay of proceedings, however, it is questionable whether we could under any circumstances grant the order asked for; but under the peculiar cir-

cumstances of this case, we should be unwilling to make the order if the power to do so were undoubted. The provisions of the will which are to be construed are very peculiar, — unusual. The motion now under consideration presents not only an important issue of fact, viz., whether Mrs. Zimmer has been "lawfully separated from her husband," within the meaning of the phrase as used in the will, but also a question of law as to the proper construction of one of the provisions of the will, — a question which ought to abide a hearing on the merits of the appeal.

Motion denied.

WORKS, J., SHARPSTEIN, J., McFARLAND, J., and THORNTON, J., concurred.

On the hearing of the cause upon its merits, the following opinion was rendered in Department One on the 20th of September, 1889: —

WORKS, J. — One Margaretha Faulhaber died the owner of certain real estate, and left surviving her four daughters and one son, some, if not all, of whom had children, who still survive. The deceased left a will, by which she conveyed her property to one Peter Schenkel and the defendant Horstmann, to be held and disposed of as follows, after the payment of certain specific bequests: —

"4. To quarter-yearly equally distribute and pay unto my hereinafter-named son and four daughters, during the term of their natural lives, the net income of the remainder of my said estate in their own right, share and share alike, viz.: Frank Faulhaber, Magdalena Ellen, now the wife of Henry Lux; Caroline, now the wife of Charles Born; Elizabeth, now the wife of George W. Zimmer; and Mary, now the wife of Christian Scheiffler.

"5. And in the event of the death of any of my said

children, then to equally distribute, transfer, and convey the net one-fifth part of the remainder of my said estate unto the surviving lawful issue of such deceased child, in her, his, or their own right, share and share alike.

"6. In the event of the death of any of my said children without having any lawful issue surviving the same, then to quarter-yearly equally distribute and pay such proportion of the said income as the deceased should be entitled to receive (if living) by this will unto such of my said children as may survive the deceased in their own right, share and share alike.

"7. And in the event of any of my said daughters becoming a widow, *or otherwise becoming lawfully separated from her husband,* then to distribute, transfer, and convey unto such of my said daughters the net one-fifth part of the remainder of my said estate in her own right, and in lieu of the further distribution and payment to her of any of the said income."

Horstmann alone accepted the trust, the will was probated, the estate settled, the specific bequests paid, and the residue of the property distributed to Horstmann, to be held in trust by him as provided in the will.

The plaintiff in this action was one of the daughters named in the will. After the property was distributed as above stated, she was divorced from her husband, and the trustee, acting under the seventh clause of the will, conveyed to her the undivided one fifth of the real estate, and this action was brought by her for a partition of the property, and to have her interest therein set off to her. The other daughters, who were made defendants, answered, among other things, as follows: "That it was the intention of said testatrix in and by the said will to give to each of them of her said daughters in fee-simple, an undivided one-fifth interest in the said land, upon condition that they should respectively separate or become divorced from their respective husbands, and that

said condition was annexed to the said devise by said testatrix with intent to incite and encourage her said daughters to live separate or be divorced from their said respective husbands; that the said condition and the provisions of the said will in that behalf are contrary to good morals and the policy of the law, and the trusts for that purpose created are null and void."

We are pleased to see that this allegation is not verified by the daughters, but by their attorney, who cannot be charged with having reflected upon a dead mother in order to obtain possession of her property.

The children of the son, who was deceased, and of the daughters were also made defendants, and answered by guardian *ad litem.*

The court below found the facts substantially as above stated, and also, "that it was the intention of said testatrix in and by said will to give to each of her said daughters in fee-simple an undivided one-fifth interest in the said real estate, upon condition that they should respectively separate or become divorced from their respective husbands, and that said condition was annexed to said devise by said testatrix with intent to incite and encourage her said daughters to live apart or be divorced from their respective husbands."

As conclusions of law, the court below found that the above-named conditions were void; that the daughters all took the property absolutely freed from said condition, and that their children had no interest in the property, and rendered judgment of partition accordingly.

The children of the daughters, by their guardian *ad litem,* appeal.

Both the appellants and the respondent now agree in contending that the condition in the will which affected their rights to the property in case of a separation from their husbands otherwise than by death was void; but they do not agree as to the effect of the provision being so held.

The appellants contend that, construing that clause to be invalid, the daughters were not entitled to the property until the death of their husbands; while the respondent and the other daughters contend that, the clause referred to being void, they were, as held by the court below, entitled to the property at once.

We regret that we are unable to agree with counsel on either side, or with the court below as to the proper construction of this clause in the will. In our judgment, there is nothing in the conditions referred to that can be held to be against public policy. There are cases holding that a condition in a will which holds out to the legatee an inducement to live separate and apart from her husband is void as against public policy. Thus in *Brown* v. *Peck*, 1 Eden, 140, the will provided that the legatee should be paid two pounds per month if she lived with her husband, but if she lived from him, and with her mother, she should be paid five pounds a month. In *Wren* v. *Bradley*, 2 De Gex & S. 49, the bequest was "to my daughter, Ann Jefferies Wren, the wife of Abraham Wren, in case she shall be living apart from her said husband, the said Abraham Wren, and shall continue so to do during the lifetime of my said wife, an annuity of thirty pounds, by equal quarterly payments, the first of such payments to be made at the expiration of three calendar months next after my decease. And I do hereby further direct, that if at any time the said Ann Jefferies Wren shall cohabit with the said Abraham Wren, the said annuity hereinbefore given to her shall, during the time she shall so cohabit, absolutely cease and determine." In *Conrad* v. *Long*, 33 Mich. 79, the clause of the will was as follows: "To my brother, Frederick S. Conrad, I give and bequeath the one half so remaining, and the other half I give and bequeath to my sister, Elizabeth Long, upon this condition: if at any time subsequent she should conclude not to live with her present husband, Henry Long, as his wife. But if

she continue so to live as the wife of the said Henry
Long until her death, then in that case I give and be-
queath all my property, real and personal, remaining
after the burial of my mother aforesaid, to my aforesaid
brother, Frederick S. Conrad."

In all of these cases the conditions quoted were very
properly held to have been void. The reason is appar-
ent. They held out a direct inducement for the legatees
to live separate and apart from their husbands. The
result may have been to bring about the separation and
violation of their marital duties and obligations without
any just cause, and in an unlawful manner. This is not
so in the case at bar. The condition under considera-
tion could not be complied with except by a legal separa-
tion, and for causes found by a court of justice to be
sufficient. This being so, there was nothing unlawful in
the condition. It is true, it may be said that it would
have a tendency to induce the wife to assert her legal
right to a divorce and separation, and that but for such
inducement such right might have been waived, but it
can hardly be said that it is against public policy to
attach to a legacy such a condition as will tend to induce
a legatee to do a lawful act in a lawful way.

The precise question presented here has been before
the supreme court of Vermont, in which the will pro-
vided that the legatee should have the income of the
estate, and such further sums as her wants might de-
mand, so long as she remained the wife of I. A. Thayer,
but if she was "left a widow, *or for any cause* should cease
to be the wife of said Thayer," the whole estate should
be given to her. In that case the court said: "The
ground upon which it is claimed that the provision of
the will violates public policy is, that it furnishes an in-
ducement to the wife to become the widow of her hus-
band, or to separate herself from him in such a manner
that she would cease to be his wife. The appellants, to
sustain this claim, rely upon the rule as stated in 2

Redfield on Wills, 293; 1 Story's Eq. Jur. 291; and the case of *Conrad* v. *Long*, 33 Mich. 78. The cases cited in support of the rule laid down in Redfield and Story, it will be found on examination, do not sustain the rule as here sought to be applied. They are generally cases in which an inducement was directly held out to encourage a voluntary separation of husband and wife, and where the intent to encourage such a separation could be found in the language employed in making the bequest. They are none of them so similar in their facts to the case at bar that they can be considered authorities in it.

"The first object to be ascertained, if possible, is what the intention of the testatrix was; and we find no difficulty in reaching the conclusion that it was to have her estate disposed of just as it has been by the probate court. It was a wise and prudent provision to make for her daughter. While she should remain a wife, her husband would be under obligation to support her, and hence the income, only, was absolutely left her during the continuance of that relation; but when she should cease to be a wife, and so become dependent upon her own resources, it was just and wise to provide that she should have the entire estate." (*Thayer* v. *Spear*, 58 Vt. 327.)

We fully concur in this view of the law. Not only may there be a good and sufficient reason, as stated in the opinion cited, for providing that the legatee shall not have the bulk of the property until she is deprived of the support of a husband, but there may be the best of reasons for placing the same in such condition that she cannot be improperly induced by a worthless or profligate husband to squander it, while she continues to be his wife, and, it may be, under his influence and control. We think such a condition in a will is not only valid, but that, under certain circumstances, it may be just and con    ndable.

For these reasons, the judgment of partition in favor of the plaintiff was proper, but so much thereof as authorized the balance of the property to be set off to the daughters who were still married was erroneous. It was error, also, to hold and adjudge that the children of the daughters last mentioned had no interest in the property. They are entitled to have the property remain undisposed of until the conditions of the will are complied with, and to inherit the same upon the death of their mother before the condition shall happen.

Judgment and order reversed, and cause remanded for further proceedings in accordance with this opinion.

Fox, J., and PATERSON, J., concurred.