ESTATE OF BACON: McMICHAEL and another, Appellants, vs. PETERMAN and others, Respondents.

*October 26—November 12, 1909.*

*Wills: Construction: "Unmarried" persons: Public policy: Vested future interests.*

1. A will bequeathed money in trust for the support of an insane son of testatrix, and provided that after his death the residue thereof be divided among her nieces "who may be unmarried at that date." At the death of the son six nieces of the testatrix were living, four of whom had never been married and two had been married since before the date of the will. *Held* that, applied to such situation, there could be no ambiguity in the word "unmarried."

2. Whether such bequest, by being in restraint of marriage and by offering inducement to the married nieces to become unmarried by divorce or otherwise, is so contrary to public policy as to be invalid, not determined. The married nieces not being shown to be next of kin or beneficially interested in the estate are not prejudiced by a decision of the circuit court holding the bequest valid.

3. It cannot be considered that such bequest gave a vested estate from testatrix's death to all the nieces (including those then married) as a class, with simply a condition subsequent divesting such interest in the event of marriage, and that such condition is void as against public policy. Under the terms of the will the married nieces were never members of any such class.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Clara M. Bacon made a will whereby, *inter alia,* she bequeathed to trustees certain sums of money to be invested by them and applied, both income and necessary portions of capital, to the support and comfort of testatrix's insane son, H. Noble Campbell, during his natural life. She then provided by the twelfth paragraph that, after the death of said son, "I desire that all the rest and residue in the hands of the trustees . . . be divided, share and share alike, to my nieces who may be unmarried at that date.". The will was made

and testatrix died in July, 1906, and the son died May 29, 1908. The appellants, at the date of the will and at all subsequent times, were nieces of testatrix and married. The four respondents, other than *Estberg,* the trustee, are nieces of testatrix, and up to the present time have not married. The executors of the will presented their final account, which was allowed, and a final order distributing the estate, and incidentally construing the will, was entered in the county court prior to the death of the son. Appeal from that order was taken to the circuit court, there tried, after the death of the son, and an order entered construing the will and awarding the residue of said trust fund to the four unmarried nieces named as respondents. From that judgment this appeal is brought by the two married nieces.

*V. H. Tichenor,* for the appellants.

For the respondent *Mabel Peterman* there was a brief by *Frame & Blackstone;* for the respondents *Margaret Noble, Esther Noble,* and *Dorothy Noble* there was a brief by *T. W. Parkinson,* guardian *ad litem;* and the cause was argued orally by *H. J. Frame* and *M. A. Jacobson.*

DODGE, J. It is difficult to realize that there is any ambiguity in the portion of this will under discussion, to arouse a duty of construction. The gift is, in plain language, to such of testatrix's nieces as at the death of the son shall be unmarried. At that date the four respondents were nieces and were unmarried, and always had been, while the two appellants, albeit they were nieces, were not unmarried and had not been in a state of celibacy at any time since prior to the making of the will. Appellants contend that ambiguity lurks in the word "unmarried," because either of the nieces who were married at the date of will or of the testatrix's death might, before the death of the first beneficiary, terminate that marital status either by the death of her husband or by divorce, and, in that event, would have become unmarried,

a view that receives support from some decided cases, among others *Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50. Any such uncertainty in the meaning of "unmarried," however, can result in no ambiguity in applying the words of the will to the instant situation, for no once married niece had become unmarried within any possible meaning. It is too clear for debate that respondents are the persons designed by the will to receive this bequest and that appellants are not.

The next contention is that the confinement of this bequest to such nieces as should be unmarried at a date indefinitely subsequent to the testatrix's death was contrary to public policy in that it made it for the interest of each niece unmarried at that time to refrain from marriage through that indefinite period, and also that it offered a temptation to each niece who at that time was married to return to a state of celibacy by divorce or other elimination of her spouse, albeit such temptation has not proved effective in the present instance. Without at present discussing the question whether such method of selection of her beneficiaries would be so in contravention of public policy as to have invalidating effect, it suffices here to remark that these appellants have no interests which are prejudiced by the decision of the circuit court holding the bequest valid. They are not shown to have been the next of kin of testatrix or in any wise beneficially interested in her estate. They take nothing except by virtue of this bequest, and therefore lose nothing by refusal to hold it void.

Appellants further urge, however, that the bequest may be saved by considering that it gives a vested estate from the testatrix's death to all her nieces as a class, and that the effect of the restriction to those who may be unmarried at a subsequent date amounts merely to a condition subsequent serving, if valid, to divest such interest upon the event of marriage and, therefore, only the condition antagonizes public policy and is void, and not the bequest. We think, however, that

the premise of this argument is erroneous. Future interests are said to be vested when there is a person or a class of persons at all times existent to whom the future estate would immediately pass if the precedent estate terminated at any moment, although that class may change from time to time, individual members thereof dropping out, as by death, and other members coming in, as by birth. *Scott v. West,* 63 Wis. 529, 24 N. W. 161, 25 N. W. 18; *Webster v. Morris,* 66 Wis. 366, 384, 28 N. W. 353; *In re Moran's Will,* 118 Wis. 177, 189, 96 N. W. 367; *Williams v. Williams,* 135 Wis. 60, 65, 115 N. W. 342. Applying that test to the present situation it is obvious that the appellants were never members of any such class, for, clearly, they could not at any time since the death of the testatrix have received her bounty upon the death of her son according to the terms of the will. If this future estate was vested in a class, that class was made up at all times of the respondents, the unmarried nieces, although it might be enlarged by the birth of other nieces, or perhaps by the termination of the marital status of either of the two appellants, and any one of respondents might drop out in event of marriage or death. Hence it is still apparent that appellants lose nothing by the order appealed from and are not prejudiced thereby.

For these reasons, without considering others, the judgment cannot be reversed.

*By the Court.*—Judgment affirmed.