CONANT *v.* STONE.

1. Wills—Conditions Precedent—Devise in Restraint of Marriage—Public Policy.

A devise of a life estate to testator's son, with the use of the income of testator's estate for life, or so long as the son continued to live with his wife, but in case of her death or a legal separation the son to have the fee simple, created a life estate, which terminated with the death of the son who continued to live with his wife, until his decease, and the title in fee simple never vested, for the reason that the condition was not complied with.

2. Same—Estates of Decedents.

Whether the condition was void as against public policy, or valid, the terms of it were not fulfilled and the estate did not pass by the will.

3. Same—Life Estate—Descent.

Where testator made no gift of the fee in case the son continued to live with his wife, the remainder vested in his heirs as a part of decedent's estate, and the son, being sole heir, took the fee: nor was this result prevented by the fact that decedent indicated by his will that he purposed to aid his son but not the wife, and having made no attempt to convey the fee to his grandson or any one else on breach of the condition, title could not be held to have vested in the only grandchild of testator.

4. Same.

And a clause requiring the executors to convert the estate into income bearing securities within seven years, not having been acted upon, became inoperative after the decease of testator's son within a few weeks following his own death.

Appeal from Osceola; Withey, J. Submitted October 11, 1912. (Docket No. 50.) Decided September 30, 1913.

Bill by David W. Conant and others against George P. Stone and others for the construction of the will of Milton L. Rice, deceased. From a decree for complainants, defendants appeal. Modified and affirmed.

*J. J. Tweddle,* for complainants.

*George P. Stone* and *McCall Bros.*, for defendants.

BIRD, J. The complainants filed the bill of complaint in this cause to secure the aid of the court in construing the last will and testament of Milton L. Rice. The testator executed his will on the 14th day of April, 1911, and passed away on the 20th day of May following. The will was admitted to probate without objection. The testator left him surviving one son, George Willey Rice. The son died a month later. The son left him surviving a widow, Lizzie Rice, and a son, Rex R. Rice, by a former wife. The estate left by the testator consists of real estate of the value of $5,000 and upwards and a small amount of personal estate. The personal estate will be exhausted in the administration of the estate and the payment of legacies. The questions presented for construction arise in the third, fourth, and ninth paragraphs; no question being raised to the other bequests. These paragraphs are as follows:

*"Third.* I give, devise and bequeath to my son, George Willey Rice, of Park Lake, Mich., the use and income from my estate after all debts, expenses and special bequests as provided for in this will are paid and discharged. My said son to have the use and income from said estate so long as Lizzie Rice, his present wife, remains as his legal wife, but in case of her death or in case of a legal separation and divorce, from my said son, I then give, devise and bequeath to my said son and to his heirs and assigns forever, said above mentioned interest in my estate.

*"Fourth.* I further provide and direct that my son above named, shall not assign or transfer the income

from my estate as above provided, but that the money therefrom shall be used by him for his personal needs and benefit as the same shall become due, and in case my son assigns or transfers said income from the respective shares of my estate as above provided for, that immediately thereupon, all further rights, title and interest that he might then have under the provisions of this will, or that might afterwards become vested, shall cease and be cut off entirely. Said income to be paid to my son by executors once each year."

"*Ninth.* I further provide that any and all real estate that I may die possessed of, shall be sold by executors on or before seven years from the time of my death, and the proceeds invested in several securities so that the income from all my property may be secured to the best advantage for my son above named."

The real contest is between the widow, Lizzie Rice, and the son, Rex R. Rice. The complainants contend that, under these provisions of the will, the son, George Willey Rice, received a life interest only, with a fee simple in expectancy based on the contingency of his living separate from his wife, Lizzie. As he never ceased living with her, the estate in fee never vested in George but fell upon Rex by implication under the will.

It is the claim on behalf of the defendants that the condition annexed to the devise of the fee was void as being against public policy, and therefore the entire estate passed at once to George upon the death of the testator. It is further contended that, if the fee did not vest in George by virtue of the will, it became intestate property, and he as sole heir took title thereto under the statute. If either one of these contentions prevail, the widow, Lizzie, is entitled to her dower interest in the real estate.

The question as to whether the condition annexed to the gift of the fee was void by reason of its holding out an inducement to George to separate from his

wife, is one with which we need not concern ourselves. Had the gift of the fee been a present devise with a subsequent condition annexed thereto, it would have been of more importance, and the case of *Conrad* v. *Long*, 33 Mich. 78, would have been helpful in settling the law of the case. But the devise of the fee under consideration was not a present one; neither was the condition annexed a subsequent one. It was a condition precedent, a condition that was to be complied with before the fee would vest in George. A separation by death or divorce must take place before the fee would vest in George, according to the terms of the will. If it were a condition precedent, it would be of no importance that the condition was void. Whether void or valid, the fee would not vest until the condition was complied with. 2 Pomeroy's Equity Jurisprudence (3d Ed.), § 933b; 1 Story's Equity Jurisprudence, § 289; 16 Cyc. p. 607; *Phillips* v. *Ferguson*, 85 Va. 509 (8 S. E. 241, 1 L. R. A. 837, 17 Am. St. Rep. 78); *Ransdell* v. *Boston*, 172 Ill. 439 (50 N. E. 111, 43 L. R. A. 526).

Pomeroy's Equity Jurisprudence, *supra,* states the rule as follows:

"It is ordinarily said that all conditions annexed to gifts which prohibited marriage *generally* and absolutely are void and inoperative. This, however, is a very inaccurate mode of statement, since a condition *precedent* annexed to a devise of land, even if in complete restraint, will, if broken, be inoperative and prevent the devise from taking effect. With this limitation all conditions in general restraint are void."

The testator made no gift over of the fee in the event that the condition was not complied with. Inasmuch as the condition was not complied with, it follows that the fee went into testator's estate and must be disposed of by the statute. George being his sole
176 MICH.—42.

heir, the title thereto would pass to him. *Southgate v. Karp,* 154 Mich. 697 (118 N. W. 600).

The testator gave evidence in the provisions of his will that he was desirous of aiding his son George, but that he wanted to effectuate that desire in such a way as not to aid Lizzie, the wife. From this and the further fact that the testator must be presumed to have known that, if the condition was not complied with, he would die intestate as to such part of his property, and it would pass to his grandson, Rex R. Rice, it is argued that the fee passed to Rex under the will by implication. In view of the fact that the testator does not even mention Rex in his will and that he made no ineffectual attempt to dispose of the fee to Rex or to any one else in the event that it failed to vest in George, we think that argument must fail. *In re Donges' Estate,* 103 Wis. 497 (79 N. W. 786, 74 Am. St. Rep. 885). Our conclusion is that George took a life estate by the will and that the fee was cast upon him under the statute.

Since no step was taken by the executors to exercise the power conferred by the ninth paragraph before the decease of George, that paragraph has now become inoperative.

The decree of the chancellor will be modified in accordance with this opinion. The defendants will recover their costs out of the estate.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.