DUSBIBER *v.* MELVILLE.

1. WILLS—RESTRAINT OF MARRIAGE—LEGALITY—PUBLIC POLICY.
   Provisions of testator's will bequeathing the sum of $2,000
   to a married woman who lived apart from her husband
   at the time of the death of testator, divorce proceedings
   having been commenced, as he knew, did not violate
   public policy where the will recited that the beneficiary
   had been compelled by the cruelty of her husband to
   leave her home and could not live with her husband, and
   also directed that if she should be compelled to live apart
   from him and to support herself, the said sum be paid
   to her by the executor as soon as the executor should be
   convinced that it was impossible for her to live with
   the husband; the bequest was not void, as a condition in
   restraint of marriage.

2. SAME.
   Conditions precedent annexed to a bequest of personal
   property prohibiting marriage unreasonably or abso-
   lutely, are void, and the gift becomes absolute as if no
   conditions attached, but if only partial and reasonable
   restraint is imposed upon the marriage of the legatee,
   the condition is valid.

Appeal from Saginaw; Gage, J.   Submitted April
18, 1913.   (Docket No. 92.)   Decided March 26, 1914.

Bill by Hattie N. B. Dusbiber against Florence A.
Melville and others for the construction of a will.
From a decree for defendant Melville, complainant
appeals.   Affirmed.

*W. F. Denfield,* for complainant.

*J. A. Harris,* for defendant Melville.

*L. E. Bradt, in pro. per.*

BIRD, J.   After the death of Thomas E. Briggs of
Saginaw, his last will and testament was found to be
in the following form:

"I, Thomas E. Briggs, of the city of Saginaw, Michigan, being of sound and disposing mind and memory, do make, publish and declare this as and for my last will and testament, hereby revoking all former wills by me at any time heretofore made.

"My will is that all my just debts and funeral expenses shall be paid out of my estate as soon after my decease as shall by my executor hereinafter named be found convenient.

"I understand that Florence A. Melville, of Saginaw, Mich., has been compelled by the extreme cruelty of her husband, to leave her home and that she cannot live with him because of his cruelty toward her. Now, my will is, that in case she shall be compelled to live apart from her said husband, Frederick Melville, and shall have to support herself, that I give, devise and bequeath to her, the said Florence A. Melville, the sum of two thousand dollars, to be paid to her by my executor, out of my estate, as soon as my executor shall be convinced that it is impossible for the said Florence A. Melville to live with her husband, Frederick Melville; said payment of said two thousand dollars shall be in lawful money of the United States of America.

"I give, devise and bequeath to my sister Hattie Nora Bell Dusbiber, of Hamilton, Ohio, all of the rest and residue of my estate, real, personal and mixed, of which I shall die seised and possessed, or to which I shall be entitled at my decease, to have and to hold the same forever.

"And lastly, I do nominate and appoint Lincoln E. Bradt to be the executor of this my last will and testament."

The parties in interest cannot agree as to the construction which should be given to the clause in the will defining the conditional legacy to Florence A. Melville. To secure a judicial construction of that clause, this bill was filed. The testator was a bachelor, and he left an estate of the value of $6,000. It appears that he and Mrs. Melville were very friendly, and were in each other's company a great deal during the last two or three years of his life. The interest

which they manifested in each other, without doubt, led to the trouble between Mrs. Melville and her husband, and later to divorce proceedings, which were pending at the time of testator's death. The will was executed only a few days prior to his death.

It is contended by complainant, the sister of testator, that the condition annexed to the gift is void on the ground of public policy, because it offers an inducement to Mrs. Melville to live separate and apart from her husband. The position of the defendant is that the condition is a reasonable one, and therefore valid, but that, in the event the condition is found to be void, Mrs. Melville would then take the legacy free and clear of the condition. The chancellor who heard the case came to the conclusion that the condition was a reasonable one, and upheld the validity of the provision.

The legacy with which we have to deal does not vest under the terms of the will until the executor determines that the legatee cannot live with her husband; it is therefore a condition precedent. It appears to be pretty well settled by the authorities that, where a condition precedent is annexed to a gift of personal property which prohibits marriage absolutely or unreasonably, the condition is void, and the legacy becomes absolute in like manner as if no condition were attached. 1 Story's Equity Jurisprudence, § 280; 2 Pomeroy's Equity Jurisprudence, § 933.

It will be noted that this rule is unlike the one which applies to devises of real estate which impose conditions precedent. *Conant* v. *Stone,* 176 Mich. 654 (143 N. W. 39).

It also appears to be settled by the more recent authorities that, where a condition precedent is annexed to a bequest of personal property, and imposes only a partial and reasonable restraint upon the marriage of the legatee, and there is no bequest over, the

condition is valid. 2 Pomeroy's Equity Jurisprudence, § 933; 1 Story's Equity Jurisprudence, § 280; *Phillips* v. *Ferguson*, 85 Va. 509 (8 S. E. 241, 1 L. R. A. 837, 17 Am. St. Rep. 78); *Ransdell* v. *Boston*, 172 Ill. 439 (50 N. E. 111, 43 L. R. A. 589); *Born* v. *Horstmann*, 80 Cal. 452 (22 Pac. 169, 338, 5 L. R. A. 577).

The question is therefore presented as to whether the condition imposed on the legacy to Mrs. Melville is a reasonable one. The testator knowing that the inevitable was near, made this provision for Mrs. Melville only eight days before he passed away. At the time he made the will he was cognizant of the fact she was living separate from her husband, and that she had begun divorce proceedings against him. It is not unreasonable to suppose that he felt that he owed her some duty to provide for her if she could not live with her husband after he was gone. If she could and did live with him again, she would be provided for, and would be in no need of his bounty. If she could not, she would then need the legacy which he gave to her. Considered from this viewpoint, I am impressed that the condition is not an unreasonable one, especially in view of fact that she is not to be the judge as to whether she can live with her husband, but that determination lies with the executor. She might decide that she could not; but that would not entitle her to the legacy. The executor might conclude otherwise, and, if he did, she could not get it, even though she actually lived away from her husband. Had she been made the judge instead of the executor, it would present a somewhat different case. This view of the condition is supported by the cases of *Ransdell* v. *Boston*, *supra;* *Born* v. *Horstmann*, *supra*.

I am of the opinion that the chancellor reached the right conclusion, and the decree will be affirmed. Defendants will recover their costs in this court.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.