JOHNSON and others, Respondents, vs. SCHULTZ, Appellant.

*February 7—March 6, 1934.*

415

For the appellant there was a brief by *Frawley, Stolts & Tronsdal* of Eau Claire, and oral argument by *W. H. Frawley*.

For the respondents there was a brief by *J. Reese Jones* of Osseo and *Farr & MacLeod* of Eau Claire, and oral argument by *A. W. MacLeod*.

FAIRCHILD, J. The clauses of the bill which control the controversy provide that the amount bequeathed Minnie Schultz, or such portion thereof as remained undisposed of at the time of her death, was to go to her sisters or their heirs. The intention of the testator in this respect plainly appears to be that he did not intend that those who would normally inherit from Mrs. Schultz if she died without issue, should take the property. It also clearly appears that the identical property delivered to Minnie Schultz under the will remained unchanged and readily identifiable at her death. In fact, it is undisputed that the two certificates of deposit remained in the exact condition they were in when her brother handed them to her. Nor can the fact be challenged that Minnie Schultz died before the administration upon the estate of her father had been completed and that the final decree duly and properly made in that matter by the county court provided and ordered among other things that "the sum of $2,510 paid by Harvey A. Stubbe, Bert Stubbe, and Guy Stubbe in accordance with the provisions two, three, and four of the will of the deceased, or so much thereof as remains undisposed of, is hereby assigned as follows: to Ida Johnson one-half thereof, to Verda Hagen one-fourth thereof, to Lyman Hagen one-fourth thereof in accordance with the will of deceased. . . ." These facts effectually dispose of the contention of appellant that the title to this money absolutely vested in Minnie Schultz upon the payment of the legacy. *Estate of Lyons,* 183 Wis. 276, 197 N. W. 710; *Will of Zweifel,* 194 Wis. 428, 216 N. W. 840.

The appellant insists that Minnie Schultz transferred the certificates in question to him. This claim is based upon statements of intention made by her and the circumstance that the certificates were in the safety-deposit box of the defendant, placed there by the consent of Minnie Schultz. The conclusion reached below was that the evidence is insufficient to prove any sale, transfer, or gift of the certificates

of deposit to the appellant. The competent evidence amply sustains this conclusion. There is an entire absence of evidence of acts warranting an inference of a completed gift to appellant or that there existed a purpose to effect a transfer of this property to him. *Harter v. Holman,* 152 Wis. 463, 139 N. W. 1128; *Estate of Brundage,* 185 Wis. 558, 201 N. W. 820.

As to the question raised by appellant with relation to the admissibility of certain evidence of statements made by Minnie Schultz of her plans to dispose of the legacy, such evidence is of no materiality in this situation. As has been pointed out, the property was in her possession and it remained in the same condition in which she received it. She did nothing to effectuate a purpose, if she ever entertained one, of transferring this property so as to prevent its descent under the will of her father, from whom the legacy came to her. In the absence of any proof of disposition of the property during her life, upon her death it became the property of those named in the will to succeed to it, and the trial court was right in so holding.

*By the Court.*—Judgment affirmed.