This is a bill for the construction of the last will of Adel Keller, deceased. Testatrix left two daughters, both married. *Page 427 
The will gives the entire estate to the executor in trust to convert into money and to divide into two parts, one of which he is directed to pay to one of the daughters. The other half of the estate the executor is directed to deposit in a savings account for the following purposes:
"The second part so set aside and so deposited, my said executor, as trustee, shall pay to my daughter, Anna Dwyer, only when and if she shall no longer be the legal wife of Hurlburt Dwyer, either because he shall have predeceased my said daughter, Anna Dwyer, or because of an absolute or qualified legal divorce between them." Then follows a gift over in the event Anna shall die before becoming entitled to her share of the estate.
Anna and her husband have not had any marital trouble. She contends that the condition upon which the gift is made, namely, that she be no longer the wife of Hurlburt, either because of his death or their divorce, is contrary to public policy and void, and that the gift to her has vested absolutely. The cases in point are collected in 40 Cyc. 1703, and in a note in68 A.L.R. 757.
Counsel for defendants argue that a distinction should be drawn between gifts predicated on separation and those conditioned on divorce; that while the separation of spouses is not, divorce is, sanctioned by law. The rule is well established that a condition which puts a premium on the separation of husband and wife and is intended to cause or continue such a separation, is void as against public policy. Brizendine v. American Trust andSavings Bank, 211 Ala. 694; 101 So. Rep. 618; Tripp v. Payne,339 Ill. 178; 171 N.E. Rep. 131; Witherspoon v. Brokaw,85 Mo. App. 169; Hawke v. Euyart, 30 Neb. 149; 46 N.W. Rep. 422;Whiton v. Snyder, 8 N.Y. Supp. 119; Conrad v. Long, 33 Mich. 78; Wren v. Bradley, 2 De G. S. 49; 64 Eng. Rep. 23;Wilkinson v. Wilkinson (1871 — L.R.), 12 N.J. Eq. 604; Inre Moore (1887 — L.R.), 39 Ch. Div. 116. A dictum of Chancellor Zabriskie, in Graydon's Executors v. Graydon,23 N.J. Eq. 229, 237, approves the rule: "On the other hand, in a gift to one as long as she continues to live separate from her husband, *Page 428 
or on condition that she live separate from her husband, the limitation or condition is void and the gift is absolute. So any condition is void that is criminal, illegal or contra bonosmores."
Comparatively few cases have treated of gifts intended to bring about divorce, rather than mere separation, and the same rules have generally been applied. Moores v. Gwynne, 33 Ohio C.C.463; O'Brien v. Barkley, 28 N.Y. Supp. 1049; Cruger v.Phelps, 47 N.Y. Supp. 61; In re Haight, 64 N.Y. Supp. 1029. In the last case it was said: "The condition must be held void if its manifest object was to induce Benjamin Haight to take such steps as might be necessary in order that he should cease to be lawfully bound to his wife as a husband; in other words, to obtain or provoke, and so occasion, a legal divorce or separation, either in this state or some other jurisdiction. If any other and innocent construction can be placed upon the condition, it is, of course, to be adopted. But the will was made directly after the marriage of testator's son, and the condition must be regarded as made in hostility to that union, and in the hope of destroying it, in so far as that object could be accomplished by offering money by way of a premium or reward."
On the other hand, a testator may properly provide for the event of separation or divorce, actual or anticipated, when his gift is not calculated to bring about such occurrence. Thus inBaker v. Hickman, 127 Kan. 340; 273 Pac. Rep. 480;68 A.L.R. 743; Cooper v. Remsen, 3 Johns. Ch. 382; 5 Ibid. 459; Wright
v. Mayer, 62 N.Y. Supp. 610; In re Kelley, 232 N.Y. Supp. 84;251 N.Y. 529; 168 N.E. Rep. 415; In re Gunning's Estate, 234 Pa. 139; 83 Atl. Rep. 60; 49 L.R.A. (N.S.) 637; In re Nichols,102 Wn. 303; 172 Pac. Rep. 1146; L.R.A. (1918E) 986, andShewell v. Dwarris, Johns. 172; 70 Eng. Rep. 384, the gifts were conditioned on divorce or separation prior to the death of testator. Such conditions are valid when they cannot influence the conduct of the legatees. But if the plain tendency and intent of a condition is to prevent reconciliation of husband and wife, and to cause a continuance of a separation, it *Page 429 
would, I think, be held void in New Jersey. Our policy may be gathered not only from Graydon's Executors v. Graydon, supra, but from cases on alienation of affections. Dey v. Dey,94 N.J. Law 342. "Public policy plainly requires that husband and wife should live together and it will not do to say that it is not a private wrong to cause a cessation of that status if the marriage be a loveless one. * * * We may go a step further and say that even if there be a state of separation, there is always a posibility of coming together which the law encourages and with which outsiders should not unfavorably interfere."
And a gift of income to a daughter until divorce or the death of her husband and then the corpus, is sustained on the ground that it does not exhibit an intent to cause divorce. Born v.Horstmann, 80 Cal. 452; 22 Pac. Rep. 169; 5 L.R.A. 577; Coe v.Hill, 201 Mass. 15; 86 N.E. Rep. 949; Snorgrass v. Thomas,160 Mo. A. 603; 150 S.W. Rep. 106; Thayer v. Spear, 58 Vt. 227;2 Atl. Rep. 161; In re Tiemens, 152 Wn. 82; 277 Pac. Rep. 385;68 A.L.R. 753; Ellis v. Birkhead, 30 Tex. Civ. 529;71 S.W. Rep. 31, where it was said: "In our judgment, the will before us should not be construed as manifestly intended to incite a divorce between appellees, but, rather, that the testator merely intended to provide for his daughter in the contingency named, and to protect her in the meantime from the improvidence of her husband." See, also, Dusbiber v. Melville, 178 Mich. 601;146 N.W. Rep. 208; 51 L.R.A. (N.S.) 367, and Paider v. Suchy,144 N.Y. Supp. 252.
Two cases have upheld conditions attached to legacies, although clearly intended to interfere with the marital relationship. InCowley v. Twombly, 173 Mass. 393; 53 N.E. Rep. 886, there was a gift to testator's son to take effect upon the death or divorce of his wife. Mr. Justice Barker said: "The scheme of the trust no more intended to induce the son improperly to procure a divorce between himself and his wife than to induce him to procure her death. Either event would give the son an estate as his own, which he could not have otherwise. * * * That a devisee of a contingent *Page 430 
remainder will benefit by the death of the life tenant does not make such a devise void, as against public policy, because tending to induce the remainderman to compass the death of the life tenant. The separation of husband and wife, the marriage continuing, is against public policy. Hence conditions, annexed to limitations by settlements or wills, providing that a husband or wife shall lose the benefit of an estate unless they live separate, have been held void. * * * But while the separation of persons who are husband and wife is against public policy, divorces are provided for, sanctioned, and regulated by law. There is no more likelihood or presumption that a divorce will be wrongfully brought about by one of the parties to a marriage, in order to secure property, than that a death will be so occasioned. A testator no more offends public policy by simply making his bounty contingent upon the occurrence of a divorce than of a death."
Daboll v. Moon, 88 Conn. 387; 91 Atl. Rep. 646; L.R.A.
(1915A) 311. The will provided, upon the death of the wife of said W, or if he should obtain a divorce or become separated from her, then he should receive the income of half the estate so long as he should not return to his wife. The court said that while the state does not favor divorces, it allows them for several causes and likewise deems it in the public interest that husband and wife in some cases shall live separate and apart although not divorced. "To make the condition void as against public policy, it must appear from the language of the will, alone or in connection with extrinsic facts, that the testator, in the particular case in question, conditioned his gift upon an illegal divorce or separation. * * * Where it is possible that the condition may be legally performed, it will not be presumed that the testator procured an illegal divorce."
Neither of these cases appears to me sound. While it is true that our law sanctions divorce, both absolute and limited, the divorce must be based on the wrongful actions of the defendant. An inducement to divorce, is an inducement to the wrong which is the necessary prerequisite of divorce. A Massachusetts decision later than Cowley v. Twombly, holds: *Page 431 
"If the testator's purpose was to induce a separation or divorce of his daughter from her husband upon the happening of which the fund with accrued interest would immediately become payable to her, the condition for this reason would be void." Coe v.Hill, supra. The premise of Mr. Justice Barker, that a gift conditioned on death or divorce is more apt to cause the latter than the former, is weak. The great number of divorces proves that society is tolerant of marital misconduct and that a large gift conditioned on divorce may likely disrupt the family. If a provision in a will is such as is apt, in the ordinary course of events, to bring about wrongdoing and divorce, an intention to cause that effect should be attributed to the testator.
The condition annexed to the gift under consideration appears to have ben calculated to lead to a divorce between complainant and her husband; it violates the policy of the state and is void; the gift to complainant is absolute.