ESTATE OF HAUCK: REESE, Administratrix, Appellant, vs. HAUCK, Executor, and others, Respondents.

*December 3, 1941—January 13, 1942.*

422

For the appellant there was a brief by *Eberlein & Eberlein,* and oral argument by *James H. Larson,* all of Shawano.

*U. G. Bussan* and *Harry E. Carthew,* both of Lancaster, for the respondents.

FAIRCHILD, J.   Appellant's contention is based on the proposition that by attaching the condition that the share set apart for Anna Yunk "shall not be paid to her so long as she lives with her present husband, but in case of her separation from him, or of his death, then the principal sum shall be paid to her; but the income from her proportionate share shall be given to her annually" the testator so far transgressed the rules of public policy as to make that limitation void.   She insists that the legacy became effective free from any condition.   The question is presented: Is the condition void as against public policy?

To render the provision invalid the intent of the father to induce his daughter to leave her husband must clearly appear. An illegal condition is not to be presumed.   It is plain that a practical purpose and a plan wisely conceived is just as likely, if not more likely, to be back of the scheme providing for the daughter as that the purpose was an unlawful one.   It must be assumed upon the record before us that the will was made and the condition attached with the intention of serving the best interests of the testator's heirs.   She was intended to have the income while her husband lived and the corpus was to be

payable to her only if she became a widow or was left to help herself due to a change in the marital status. Such a condition has been held valid. 2 Page, Wills (2d ed.), p. 1918, § 1148; *Born v. Horstmann,* 80 Cal. 452, 22 Pac. 169; *Thayer v. Spear,* 58 Vt. 327, 2 Atl. 161; *Ransdell v. Boston,* 172 Ill. 439, 50 N. E. 111; *Coe v. Hill,* 201 Mass. 15, 86 N. E. 949; 2 Pomeroy, Eq. Jur. p. 1955 ff, § 933; 68 A. L. R. 763. The most that can be said is that different meanings may be indicated depending on where the emphasis is placed. However, where the language of the will is reasonably susceptible to two different constructions, one of which will defeat while the other will sustain the provision, the interpretation upholding the validity of the clause is to be accepted. *In re Donges' Estate,* 103 Wis. 497, 501, 79 N. W. 786; *Maxcy v. Oshkosh,* 144 Wis. 238, 261, 128 N. W. 899, 128 N. W. 1138.

Anna's gift never vested in her because she died without meeting the condition attached to it. *Johnson v. Schultz,* 214 Wis. 414, 418, 253 N. W. 179; *Conant v. Stone,* 176 Mich. 645, 143 N. W. 39; *Wetterlund v. Holm* (10th Cir.), 74 Fed. (2d) 107, 108; *Dusiber v. Melville,* 178 Mich. 601, 146 N. W. 208.

It is considered that the condition attached to the legacy was not intended to cause the legatee to do an unlawful act, but rather to provide support and protection in the future if the condition be performed or be met. It was to be effective in the event of the husband's death or in the event of a legal separation. Upon this premise the county court ruled that this was intestate property and that appellant was entitled to a one-sixth part of the intestate portion of the estate of John Hauck. We are of the opinion the judgment must be affirmed.

*By the Court.*—Judgment affirmed.