Will of Heller: Mau, Appellant, v. Heller (Sara),
Executrix, and others, Respondents.

*No. 317. Argued May 9, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 82.)

For the appellant there was a brief by *Hersh, Magidson & Lensky* of Milwaukee, and oral argument by *Arthur Magidson*.

For the respondents there was a brief and oral argument by *Herbert A. Eggie* of Milwaukee.

For the respondent Linda Mau individually there was a brief and oral argument by *Morton J. Schmidt* of Cudahy, guardian *ad litem*.

WILKIE, J. One issue is raised on this appeal:

Is a testamentary gift, conditioned on the legatee being married to and living with the legatee's named husband on the date of the death of the testatrix, void as against public policy?

Both Article III and Article V are clear and definite; they contain no ambiguity that requires interpretation.

The testatrix's intent is clear; she is merely making three conditional legacies, one to her daughter Katie Mau if she is married to and living with Willard Mau at the time of the testatrix's death, one to Willard Mau, and another to Katie Mau's minor daughter, Linda, if Willard is in fact divorced from Katie at the testatrix's death.

Appellant contends that either or both of these provisions constitute an unreasonable restraint on marriage and as such are against public policy and void.

Appellant's argument is based on the idea that an unreasonable restraint on marriage can be one which not only inhibits marriage but also compels the continuance of an involuntary marital relationship.

The trial court noted this was the first time he had been confronted with a question about a provision in a will "in which a legacy is conditioned on the continuance of a marriage." We find no Wisconsin cases on the validity of such a provision. Two Wisconsin cases have dealt generally with the topic of testamentary restraints on marriage.

*McMichael v. Peterman* [1] involved a will provision which gave the residue of an estate to all of the nieces of the testatrix who were unmarried at a certain date in the future. The appellants, married nieces of the testatrix, claimed that the provision was contrary to public policy because it encouraged unmarried nieces to refrain from marriage and married nieces to return to celibacy by divorce or other elimination of their spouses. The court declined to reach the public policy question, holding that the appellants were actually unaffected by the trial court's order from which they appealed.

---

[1] (1909), 140 Wis. 589, 123 N. W. 262.

In *Estate of Hauck* [2] a will provision giving a share of the residue to the testator's daughter upon condition that she be no longer living with her present husband was upheld against the claim that it was contrary to public policy. The court reasoned that to render the provision invalid the intent of the testator to induce his daughter to leave her husband (by divorce or separation, etc.) must be clear. Such an illegal condition could not be presumed under the facts of the case.

The Restatement of the Law on Property [3] surveys the law of testamentary provisions affecting marriage. It points out the following general rules:

(1) A condition rendering a gift contingent upon not marrying anyone is void unless clearly motivated by an intention to provide support until a marriage takes place. [4] This invalidation results from the court's unwillingness to penalize a legatee for his failure to respect the socially undesirable attempt of the testator to use his property as a means of coercing abstention from marriage.

(2) Restraints limited as to person, group or time are valid unless the remaining sphere of permissible marriage is so small that a permitted marriage is not likely to occur. [5] These partial restraints are valid upon the theory that guidance by parents or other donors with respect to a particular marriage is not unreasonable.

(3) Restraints on remarriage may be liberally imposed. [6]

(4) Finally, attempts by testators to break up an already existing marriage, by conditioning a gift on divorce or separation, are invalid. [7] If the dominant motive of

---

[2] (1942), 239 Wis. 421, 1 N. W. 2d 773.

[3] Restatement, 4 *Property*, ch. 32, pp. 2473–2495.

[4] *Id.* at page 2474, sec. 424.

[5] *Id.* at page 2482, sec. 425.

[6] *Id.* at page 2487, sec. 426.

[7] *Id.* at page 2492, sec. 427.

the testator, however, is merely to provide support in the event of separation or marriage, the condition is valid.

Thus the Restatement does not deal directly with a situation such as that presented by the instant case. Appellant has not directed the court to any authority that has held a provision such as those before us invalid. Appellant's argument that the provision in Article V in effect discourages divorce, which has been declared to be good public policy (viz., public policy demands an end to intolerable marriages) regarding the marriage of Katie Mau, is not persuasive. The Restatement points out that the existence of statutes which permit divorce or separation of married persons is not an indication of public policy favoring provisions that encourage divorce.[8] Likewise, statutes allowing divorce should not be indicative of a public policy that would attempt to prohibit restraints on the seeking of a divorce.

It is a familiar and well-settled principle of law that a will speaks as of the time of the death of the testator.[9] Therefore, it would not be unreasonable to conclude that a will cannot contravene public policy until it begins to speak. Upon the death of the testatrix, there was nothing Katie Mau could do to increase or diminish the amount she was to receive under the will. Her portion (if any) was fixed absolutely as of the date of the death of the testatrix. It was Katie's status *then* that determined whether she was a beneficiary.

Katie Mau testified that until the death of her mother she was unaware of the questioned provisions in the will. Therefore, irrespective of the true purpose of those provisions, it is difficult to understand how they could have had any restraining effect, one way or another, on Katie's marriage. Public policy regarding restraints on marriage should only be concerned with

---

[8] *Id.* at page 2493, sec. 427.

[9] *Estate of McDonald* (1963), 20 Wis. 2d 63, 121 N. W. 2d 245.

continuing inducements and not with a provision, as here, which could never truly be a restraint. A will written and executed is merely the expression of an intention to dispose of one's property in a certain way in the future, provided one does not have a change of mind. Only when death ensues, thus making a change of mind impossible, will these expressions of future intention bring rights into existence. When, as here, those rights become absolutely fixed at death, without a continuing inducement to either do or refrain from doing some act, it is difficult to imagine how a restraint in the true sense of the word could ever arise.

As to Article III, the argument runs that since under that article Willard Mau stands to inherit $1,000 only if he is not married to or living with Katie, the article is contrary to public policy because it tends to encourage divorce. But Katie Mau does not even have an interest which is prejudiced by allowing that article to remain viable.[10] Katie could only take under this will as a residuary legatee under Article V. Had Katie fulfilled the condition in Article V she would have an interest in having Willard's gift under Article III struck, the effect of which would be to add $1,000 to the residue. Because Katie is not a residuary legatee she, like a stranger, is without an interest sufficient to have standing to raise the issue. Appellant contends that the Heller will attempts to penalize her for prosecuting a cause of action which a court found to be valid. Appellant urges that this situation is analogous to the situation that was before the court in *Will of Keenan*.[11] In that case the court held a condition in a will, providing for the forfeiture of a legacy in case the legatee upon probable cause and in good faith contested the probate of the will, invalid and contrary to public policy. (The condition in *Keenan* was a continuing inducement.)

---

[10] *See McMichael v. Peterman, supra,* footnote 1.

[11] (1925), 188 Wis. 163, 205 N. W. 1001.

The present situation cannot be equated with that of *Keenan*. The fundamental right sought to be restricted in *Keenan* went to the very core of the integrity of the will. The court remarked that if the prohibition were allowed to stand, one could not safely ascertain whether the prohibition was that of the testator or of one exercising undue influence over him, or whether the testator himself had the mental competency to make the will. The narrow issue in *Keenan* should not be extended to a situation such as that present in the instant case. It is not the availability of the courts that is at issue but whether a conditional legacy is contrary to public policy. *Keenan* was, and the instant case is not. If appellant is correct then almost all conditional bequests would be void as against public policy because many donees are forced to forego the exercise of legal rights as a valid condition to taking under a will. The widow whose gift is conditioned on not remarrying is giving up a legal right in exchange for that gift. Yet, the widow's condition would not ordinarily be considered violative of public policy.

*By the Court.*—Judgment affirmed.

ROBERT W. HANSEN, J., took no part.