## WILLIAM F. PECK *vs.* SARAH G. PECK.

Suffolk.　December 2, 1891. — February 23, 1892.

Present : HOLMES, MORTON, LATHROP, & BARKER, JJ.

### *Marriage.*

A man and a woman, whose domicil was in California, agreed in Oregon to live together " so long as mutual affection shall exist," and thenceforwards cohabited and held themselves out to be husband and wife in those States, and in Iowa, New York, and this Commonwealth. *Held,* that this agreement was not a marriage contract by the law either of California or of Oregon, and that such cohabitation did not constitute a marriage in any of the above mentioned States.

LIBEL for divorce on the ground of desertion. Hearing in the Superior Court, before *Staples*, J., who ordered the libel to be dismissed, and reported the case for the determination of this court. The facts appear in the opinion.

*J. F. Wakefield*, for the libellant.

No counsel appeared for the libellee.

LATHROP, J. This is a libel for divorce on the ground of desertion, filed on February 2, 1891. The justice of the Superior Court who heard the case found that no valid marriage was proved, and ordered the libel to be dismissed. The case comes before us on a report of the evidence, from which it appears that on October 5, 1877, the parties having for three years before had their domicil in the State of California, executed the following contract at Portland, Oregon, which was witnessed by two persons :

" We, the undersigned, hereby enter into copartnership on the basis of the true marriage relation. Recognizing love as the

only law which should govern the sexual relationship, we agree
to continue this copartnership so long as mutual affection shall
exist, and to dissolve it when the union becomes disagreeable or
undesirable to either party. We also agree that all property
that shall be acquired by mutual effort shall be equally divided
on the dissolution of said copartnership. Should any children
result from this union, we pledge ourselves to be mutually held
and bound to provide them support, whether the union continues
or is dissolved."

It further appears that the parties thereafterwards lived to-
gether and cohabited under said contract, and held themselves
out to be husband and wife in the State of Oregon for about
three months, in California for about one year, in Iowa for
about three and one half years, in New York for about three
months, and at Boston in this Commonwealth from 1886 to the
time of the alleged desertion, on or about January 15, 1888,
and that both said parties have resided in this State from said
alleged desertion to the day of the filing of the libel; that the
libellee was a Spiritualist public speaker, who, on account of
peculiar religious and business motives, and by consent of the
libellant, retained the name of Mrs. H. S. Lake, the name of
her former husband, who died before the year 1877, and there
was never any ceremony, act, or solemnization of marriage be-
tween them, save as herein stated. The report also sets out the
laws of the States of California, Oregon, Iowa, and New York
relating to marriage, but does not refer us to any decisions of
the courts of those States construing the laws set forth. There
is nothing in the law of California, where the parties had their
domicil, or in the law of Oregon, where the contract was signed,
which recognizes an agreement to live together " so long as mu-
tual affection shall exist " as a marriage contract. We have,
therefore, no occasion to consider whether, by the law of either
of those States, there can be a marriage by a mere contract
without a ceremony. There being no marriage, their subsequent
cohabitation points only to the illegal contract under which it
began. There is no room for any presumptions. We find noth-
ing in the laws of the States where they lived together which
recognizes such a cohabitation as a marriage. *Randlett* v. *Rice,*
141 Mass. 385, 394. *Norcross* v. *Norcross, ante,* 425.

*Decree affirmed.*