CHARLES H. DABOLL, ADMINISTRATOR AND TRUSTEE, *vs.* JESSE A. MOON ET AL.

* First Judicial District, Hartford, May Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The cardinal rule in the interpretation of wills is to seek and carry out the testator's intent.

A testamentary gift conditioned to take effect upon the death of the then wife of the donee, or, if he should obtain a divorce or become separated from her, at the end of a year thereafter, or within such year, if he should meanwhile marry a good, respectable woman, is not void as against the public policy of this State.

If the prescribed condition may be legally performed, it will not be presumed that the testator intended an illegal performance. Accordingly, it would be presumed, in the present case, that the condition respecting a divorce or separation had reference to one to be legally obtained or effected.

Where the only question which can be raised at present respecting the construction of a will is whether a certain person is entitled to receive the income of a trust fund, that question can and should be settled in an ordinary action at law instituted by the claimant against the trustee.

Argued May 7th—decided July 13th, 1914.

SUIT to determine the validity and construction of the will of John Moon of New London, deceased,

* Transferred from second judicial district.

brought to and reserved by the Superior Court in New London County, *Reed, J.*, upon the facts stated in the complaint, for the advice of this court.

*Perry J. Hollandersky*, for the plaintiff.

*Abel P. Tanner* and *Nathan Belcher*, for Willard B. Moon.

*William J. Brennan*, for Jesse A. Moon.

THAYER, J. The plaintiff is administrator *d. b. n.* with the will annexed of the estate of John Moon, who died in 1898, leaving real and personal estate and three sons, John H. Moon, Jesse A. Moon and Willard B. Moon. One half of the testator's estate is given by the will to Jesse A. Moon upon a condition relating to the son John H., which is now unimportant, as the latter died in 1899. The other half of the estate was disposed of by the following provisions of the will: "Upon the death of the present wife of said Willard B. Moon, or if he shall obtain a divorce from her or shall become separated from her, at the end of a year from said divorce or separation, or if within said year he shall become married to a good respectable woman, then in either of said events the said Willard B. Moon shall be entitled to and shall receive the income and profit from said trust fund after the payment therefrom of one dollar and fifty cents per week to said John H. Moon, but if said Willard B. Moon shall ever return to live with his present wife his interest in said trust shall be divested and he shall not be entitled to receive any of the benefits thereof. It is my will that my said trustee may if he deem it best use and expend a part of the whole of the principal of said trust for the benefit of said Willard B. Moon, or for any

of the purposes of this trust, giving him full power to use his discretion in the management, interpretation and administration of this trust. . . . Upon the death of said Willard B. Moon the trust shall continue for the benefit of said John H. Moon as aforesaid, if he still be living, and the funeral expenses of said Willard B. Moon shall be paid out of the same, and if said Willard B. Moon shall have married a good respectable woman as aforementioned, and shall have had issue by her, the income and profit of said trust that would have gone to said Willard shall be expended by my trustee for the benefit of said issue, but if said John H. Moon be then dead, and in any event upon the death of both Willard B. Moon and John H. Moon, after the payment of their funeral expenses said trust shall divest and whatever of said trust fund then be remain—I give, devise and bequeath to the issue of said Willard B. Moon if have any other than from his present wife and failing them, to said Jesse A. Moon his heirs and assigns forever."

Jesse A. Moon was named as executor and qualified as such, and as trustee under the provision quoted. He afterward resigned as executor and trustee, and the plaintiff was appointed trustee in his place.

Willard B. Moon and his wife, referred to in the will, are both living, and he has never separated from her by divorce or otherwise, and he has no children. He claims that the condition, upon which the testator made the gift to him of the income of the trust fund depend, was illegal as against public policy, as encouraging a separation by him from his wife, and therefore void, and that the gift of the income was therefore absolute, and that he is entitled to it as it accrues.

Cases can be found which hold, and perhaps the weight of authority supports the view, that a gift or

legacy made upon a condition which constitutes an inducement to a married person to obtain a divorce, or to live separate from the other spouse, is void as against public policy. *Conrad* v. *Long*, 33 Mich. 78, 79; *Hawke* v. *Euyart*, 30 Neb. 149, 46 N. W. 422. So, it is said, are conditions in restraint of marriage. But the rule in the latter case is qualified, and there are exceptions to it. The condition must be in restraint of marriage generally. A condition that the legatee shall not marry a certain person is valid. A legacy to a widow, conditioned to divest if she marry, is valid. *Chapin* v. *Cooke*, 73 Conn. 72, 46 Atl. 282. Bigelow, in a note to Jarman on Wills (6th Ed., Vol. 2, p. 49, s. p. 886), says: "If the question were open, there might be ground to inquire whether conditions in restraint of marriage generally are contrary to public policy."

The present case is not one where the condition is in restraint of marriage, although somewhat akin to it. The separation, which it is claimed that the condition in question tends to promote, offers no encouragement to celibacy on the part of the donee. The condition rather encourages a new marriage, for an early remarriage advances the time at which the income is to be paid to him if the condition is fulfilled. The marriage here was a fact at the time the will was made and went into effect. The gift was to vest in the donee upon the death of his wife, upon his divorce from her, or if he permanently separated from her. We are asked to say that the condition upon which the legacy was to vest is void as against the public policy of this State, and that the result of this is to make the gift absolute, so that it vests in the donee without performance of the condition.

It is clear from the language of the will that the result claimed would be directly contrary to the expressed intent of the testator. He did not intend that the in-

come should vest in Willard if he should not become separated from his wife by her death, a divorce, or in some other way. The cardinal rule in the interpretation of wills is to seek and carry out the testator's intent. *Wolfe* v. *Hatheway*, 81 Conn. 181, 184, 70 Atl. 645. This rule is in direct conflict with the one which is urged upon us by counsel for the donee, namely, that as the condition is unlawful the law understands that it is impossible of performance and that this impossibility is the equivalent of performance. We are not required to attempt a reconciliation between these rules in the present case, the conclusion to which we have come upon the other branch of the case rendering it unnecessary.

Upon the facts appearing in this record it cannot be said that the condition, upon which the income of this trust fund was bestowed, was against public policy. It has never been the policy of this State, as it formerly was the policy of the church, to compel people married to each other to continue for life in that relation and cohabit together regardless of their inaptitude for such cohabitation and however unfitted they may be in disposition and temperament to mutually perform the duties of the marriage relation. The State does not favor divorces, but it allows them for several causes, because it believes that the interests of society will thereby be better served and that its own prosperity will thereby be promoted. *Dennis* v. *Dennis*, 68 Conn. 186, 197, 36 Atl. 34. So, too, the State deems it to be in the public interest that husband and wife, in some cases, shall live separate and apart, although not divorced. In 1895, before the will under consideration took effect, a law (now General Statutes, § 1354) was passed making the marrying, or living together as husband and wife, of any man and woman, one of whom is epileptic, imbecile, or feeble-minded, a criminal offense

punishable by imprisonment in the State prison. This law, as to one class of persons with whom it deals, was sustained as constitutional by this court as legislation in the interest of the public health. *Gould* v. *Gould,* 78 Conn. 242, 245, 61 Atl. 604. To condition a gift upon the doing of what the State treats by its legislation as promotive of the public interest and its own prosperity, or what it requires to be done in the interest of the public health, cannot be against public policy. To make the condition void as against public policy, it must appear from the language of the will alone, or in connection with extrinsic facts, that the testator in the particular case in question conditioned his gift upon an illegal divorce or separation. Numerous cases are to be found which support the view that where a gift is upon condition that the donee shall obtain a divorce, or live separate from husband or wife, the condition is valid when it appears from the will, in connection with the surrounding circumstances, that a legal divorce or separation was intended, or where a separation already existed, or a suit for divorce was pending at the time that the will was made. *Born* v. *Hortsmann,* 80 Cal. 452, 22 Pac. 338; *Cowley* v. *Twombly,* 173 Mass. 393, 397, 53 N. E. 886; *Coe* v. *Hill,* 201 Mass. 15, 21, 86 N. E. 949; *Thayer* v. *Spear,* 58 Vt. 327, 329, 2 Atl. 161; *Ransdell* v. *Boston,* 172 Ill. 439, 50 N. E. 170; *Cooper* v. *Remsen,* 5 Johns. Ch. (N. Y.) 459.

Where it is possible that the condition may be legally performed, it will not be presumed that the testator intended an illegal performance. The present gift was upon alternative conditions, one of which was the death of Willard's wife. It will not be presumed that the testator, in the absence of express language so directing, intended that his son should procure his wife's death. His counsel admit that if the wife's death had been the only condition of the vesting in him of the

income, the condition would have been valid. But the will holds out the same inducement to him to procure her death which it does to procure an illegal divorce or separation from her. In *Cowley* v. *Twombly*, 173 Mass. 393, 397, 53 N. E. 886, where the facts were somewhat similar to those in this case, the court said: "The scheme of the trust no more tended to induce the son to improperly procure a divorce between himself and wife, than to induce him to procure her death." Upon the face of the will, therefore, the condition upon which the income was to vest in Willard was not void, and he has not shown any facts extrinsic of the will which compel a construction which will make it void as against public policy.

There was no occasion for the plaintiff, as administrator or as trustee, to bring this action. There is no one at present to demand the distribution of the corpus of the trust estate. The son Willard is claiming only the income. The disposition of the corpus of the estate is in no way affected by the validity or invalidity of the condition upon which the gift of the income is limited. The only question which the plaintiff has now to consider, either as trustee or administrator, is whether Willard is now entitled to receive the income. Before the time arrives for the distribution of the body of the estate there may be issue of Willard, either by his present or another wife, to make their own claims as to its distribution. The only question between the parties now being whether Willard is entitled to the income, it could have been settled in an action at law brought by Willard against the present plaintiff as trustee, and such an action should have been brought instead of bringing the present apparently amicable suit.

The Superior Court is advised to render judgment that the condition, upon which the gift of the income

to Willard B. Moon is made, is not void as against public policy and good morals.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.