## Rininger's Estate.

Argued October 5, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Llewellyn E. Lloyd,* for appellant.—Appellant contends that the condition annexed to the payment of his legacy is illegal and void as against public policy: Mathiot's Est., 243 Pa. 375; Kilborn v. Field, 78 Pa. 194; Moorehead's Est., 289 Pa. 542; Shannon's Est., 289 Pa. 280; Gunning's Est., 234 Pa. 139; Culin's App., 20 Pa. 243.

It is not the province of a court to consider what a testator possibly intended, but only what intention is expressed by the language used in his will: Packer's Est. (No. 2), 291 Pa. 199.

Appellant also contends that the reasoning of Justice KEPHART in Drace v. Klinedinst, 275 Pa. 266, 270, is applicable to the present situation.

*Morton Meyers,* with him *James A. Graham,* of *Graham, Yost & Meyers,* for appellees.—In considering any restrictions, there is no presumption of illegality; on the contrary the presumption is in favor of innocence and validity. The primary rule is to give effect to the intention of the testatrix, and the presumption is that the intent is lawful: Holbrook's Est., 213 Pa. 93, 95, 96; Gunning's Est., 234 Pa. 139, 142; King's Est., 58 Pitts. L. J. 377.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1931:

Testator bequeathed to trustees for his son, Joseph E. Rininger, a share in his estate, with directions to invest the same and to pay the income arising therefrom to him for life, with remainder to his issue, upon failure of issue to the other children of testator. The will provided further, "In the event that my said son, Joseph E. Rininger, shall become unmarried, either through the death of his wife, Ada Rininger, or by process of law, I direct that my executors pay to him, absolutely and unconditionally, the entire funds held by them in trust."

It is the contention of Joseph E. Rininger that this condition interferes with domestic tranquillity by tending to induce divorce between him and his wife and that it is, therefore, illegal and void as against public policy. The court below decided otherwise and he appeals. He invokes the principle that a condition which is calculated to make it to one's interest to procure a divorce or separation of husband and wife is void, citing Tiffany, Real Property, 1912 edition, section 70, page 169. This principle, so far as it relates to contracts, is recognized in Mathiot's Est., 243 Pa. 375, Shannon's Est., 289 Pa. 280, and in other cases. But in the will before us the outright gift is not upon condition that the son shall be divorced, but in the event that he shall become unmarried either through the death of his wife or by process of law. What we think testator was providing for was an alternative status for his son, if he continued to be married, of an assured income for himself and his wife; if he became wifeless, then an assured income was not of such importance. One of our great orphans' court judges, Judge HAWKINS of Allegheny County, had this question before him in King's Est., 58 Pitts. L. J. 377. It seems to us that his comments and reasoning cannot be improved upon and we adopt them as our own. The will he was considering provided: "And in the further trust that if at any time during the life of my said son, William D. King, he should be finally separated from his wife, Elizabeth, either by her death or by divorce," the trust should terminate and the son was to take the share absolutely. Judge HAWKINS said: "There is nothing in this will which necessarily implies encouragement to separation. The enlargement of Mr. King's life interest to an absolute estate is made to depend on the happening of one of two events—either death or divorce—but this does not necessarily imply resort on Mr. King's part to proceedings in divorce as a means of enlargement any more than the murder of his wife. ...... The distinguishing feature of cases falling within the rule of pro-

206

hibition is a condition which offers a direct inducement to the separation of husbands and wives without any restraint on the means of accomplishment other than the mere whim of the donee. ...... But the enlargement of Mr. King's interest was made to depend on the alternative fact of divorce without regard to who should appeal to the law; and the condition would therefore be satisfied whether the divorce was obtained by Mrs. King, who would thereby suffer financial loss, or by Mr. King. It will thus be seen that the reasons which underly the cases are radically different." If the will merely provided for the contingency of divorce and does not express an intent to bring it about, it is valid. The conclusion at which we arrive is that reached by the Supreme Judicial Court of Massachusetts in Cowley v. Twombly, 173 Mass. 393; by the Supreme Court of Vermont in Thayer v. Spear, 58 Vt. 327; by the Supreme Court of California in Born v. Horstmann, 80 Cal. 452; by the Supreme Court of Connecticut in Daboll v. Moon, 88 Conn. 387; by the Supreme Court of Illinois in Ransdell v. Boston, 172 Ill. 439; and by the Supreme Court of Washington, in a very recent case, Tiemen's Est., 152 Wash. 82.

The decree of the orphans' court is affirmed at appellant's cost.