Peck, J.
The motion made by appellants, from the denial of which they appeal, is to take testimony before trial as to the motive and purpose of the testatrix in articles VII and VIII of her will. The proceeding in which the trial is to be had and the examination is sought is for determination of the validity of said articles of the will.
Article VII creates a trust and gives the income for life to the testatrix’ son and, upon his death, gives the principal to his widow and issue other than his then wife or issue of said wife, and provides that if there be no such widow or issue the principal is to be distributed among several charities, Article VIII *584 expresses the “ purpose and will that under no circumstances shall any portion of my estate ” be paid to the then wife of the testatrix’ son or any issue of said wife.
Appellants, being the son and disinherited wife and issue, attack these provisions of the will as being against public policy in that the testatrix’ purpose was to induce the son to divorce his wife. Appellants state in their moving papers that the evidence they propose to elicit from the witnesses sought to be examined before trial will disclose such purpose on the part of the testatrix.
It is not contended by appellants that the will is ambiguous in s-ny way or that parol evidence is necessary to clarify its meaning. The will is unquestionably clear in its purport and effect. Appellants rest rather on the contention that extrinsic evidence is admissible to establish the intent of the testatrix where the validity of the will is dependent upon intent (Edson v. Bartow, 154 N . Y. 199). We shall not attempt to define the scope of that doctrine. If the unexpressed intent of the testatrix here were material to the validity of this will, we would grant the motion. Our decision to the contrary rests on the view that the intention of the testatrix, whatever it may have been, is immaterial because the will does not tend to induce a divorce and is thus not contrary to public policy.
The point is well illustrated by the case upon which appellants place principal reliance (Matter of Haight, 51 App. Div. 310). There the income provided the son under the will was to be larger in case he ceased to be married to his wife. The court held that the condition attached to the gift, the evident purpose of which was to induce the son to secure a divorce, was void in contravention of good morals and public policy. The policy was quoted from Wright v. Mayer (47 App. Div. 604, 606), as follows:
“ It is a general principle, well settled, that conditions annexed to a gift the tendency of which is to induce the husband and wife to live separate, or to he divorced, are, upon grounds of public policy and public morals, void.” The italicization of “ tendency ” is from the Haight decision. Other language of the opinion also makes it clear that to offend the policy the provision of the will must be such that its “ manifest object ” is to induce a divorce and that the “ means employed are calculated to promote it.” In other words, an efficient means must accompany a manifest intent. Indeed, practically, it will be the means that will manifest the intent and it is certainly the means to which we must look to determine whether there is an inducement to divorce. As the alleged inducement is the important considera *585 tion, and operates on the mind of the legatee rather than on the mind of the testatrix, it is the likely effect of the provisions of the will on the person to be influenced which must be weighed rather than some personal purpose of the testatrix. Thus,courts have not found it necessary in any case called to our attention, involving the validity of a will on the question here presented, to look beyond the will itself.
Where the means employed have no tendency to induce a divorce, the provision of a will is not to be invalidated by an idle intention of the testatrix. In the case at bar we can perceive nothing in the articles under attack tending to induce the son to secure a divorce. The provision for him is constant and would -not be affected in the slightest by any change in his marital relationship. The only consequence of a change would be in the inheritance of others after he is gone. The will provides that his present wife and children by his present wife shall not receive under the will. That provision, representing the free choice and disposition by the testatrix of her property, cannot be challenged. The son may not alter the position of his present family. He may only create a new class of beneficiaries by taking a new wife and begetting other children. To do so, however, would not in any way improve his financial lot. Indeed, it would add considerably to his financial obligations. We cannot conceive of a man being prompted to divorce his wife, break up his home and leave his children, out of a desire to create a new family to take a remote inheritance, in which he can never share and which will become effective only after he is dead. There is nothing in the will in our view that would tend to induce such action.
While there are no cases in this State exactly like the one at bar, the courts of other States have had occasion to pass upon provisions of wills identical to or stronger than the one at bar and have held the provisions valid. Sisson v. Tenafly Trust Co. (133 N. J. Eq. 497) and Williams v. Hund (302 Mo. 451) are eases where the provisions of the will were practically identical to the instant case. In Cowley v. Twombly (173 Mass. 393) and Daboll v. Moon (88 Conn. 387), cited and quoted with apparent approval in Matter of Seaman (218 N. Y. 77), the wills provided direct benefits to the son in the event of a divorce from his wife.
We need not go as far as the holdings in Cowley v. Twombly (supra) and Daboll v. Moon (supra), however. We might on those facts regard the undisclosed intention of the testatrix as material and allow the taking of such testimony as is sought here. On the facts of the case at hand, however, where the pro *586 vision of the will has no tendency to induce a divorce, there is nothing to impair its validity and the search for some ulterior purpose on the part of the testatrix would be quite as idle as would be such a purpose if it existed. The testimony sought is, therefore, inconsequential and the motion for its taking was properly denied.
The order should be affirmed, with $20 costs and disbursements.