## Fisher Estate

*H. Lyle Houpt* and *Joseph B. Quinn,* for accountants.

*Harold W. Spencer, Frank F. Truscott* and *Virginia Funk,* for claimant.

TAXIS, P. J., October 26, 1962.—Howard F. Fisher died on November 29, 1956, leaving a will dated September 13, 1954, which was duly probated by the Register of Wills of Montgomery County. Paragraph ninth C of the will provides as follows:

"The twenty per cent (20%) [of the residue] designated for Evelyn Fisher Sperlbaum, I give, devise and bequeath to my trustees to be held in trust for her during her natural life. At the time of the death of my daughter, Evelyn Fisher Sperlbaum, the twenty per cent (20%) held in trust for her shall be divided and held in equal shares for her then living children to be distributed to them as they attain their twenty-first (21st) birthday.

"If, however, my daughter, Evelyn Fisher Sperlbaum, shall become widowed or legally divorced from her husband, her portion of my estate otherwise held in trust shall be thereupon paid to her absolutely. The net income derived from the trust property held for the benefit of Evelyn Fisher Sperlbaum shall be paid over to her and not less frequently than yearly."

At the time of audit, the petition for adjudication suggested that distribution of Evelyn Fisher Sperlbaum's share be awarded in trust pursuant to paragraph ninth C of the will. However, Evelyn Fisher Sperlbaum appeared at audit and filed objections to this proposed distribution. She contends that the condition appended to the gift is void "as against public policy" and prays this court to award her share of the residue of the estate absolutely, free of all conditions. This objection raises, therefore, a question of interpretation of paragraph ninth C of the will.

Where a testator's purpose in imposing a condition is to induce future separation or divorce of husband and wife, the condition is void as against public policy: Morton Estate, 13 D. & C. 2d 148; Mayer v. McGraw, 10 York 5; Justus' Estate, 5 D. & C. 749. On the other hand, if the testator merely *provides for* the contingency of separation or divorce and does not express an intent to bring it about, the provision is valid: Rininger's Estate, 305 Pa. 203. In order to determine such a question it is necessary to consider the entire will to ascertain testator's intent. The will of course must be read in light of the surrounding circumstances including the condition of testator's family, the natural objects of his bounty, and the amount and character of his property: Morton Estate, supra.

In Morton Estate, certain real estate was given to testator's daughter, "providing that my daughter is divorced from her husband, S. Howard Buckwalter." Otherwise testator directed that "my property held in trust . . . so that the net income of the property shall be given to my beloved daughter, Edith M. Buckwalter, but title shall not be conveyed to her until she is divorced." Testator further provided: "In the event my beloved daughter Edith M. Buckwalter should secure a divorce from her husband subject to my death and while title is being held by the trustee it is my desire the trustee immediately execute the papers to convey title to my beloved daughter." Testator also provided that the income from the property should be applied for the benefit of the daughter's children in the event of the death of the daughter "while the trust is in existence."

The auditing judge found that the sole purpose of the condition was to induce the daughter to separate from her husband and procure a divorce. The condition was held to be void and the real estate was awarded to the daughter free of conditions. The auditing

judge found it unnecessary to appoint a guardian *ad litem* to represent the daughter's minor children.

In considering this type of problem the court may consider extrinsic evidence to ascertain the testator's intentions: Postlethwaite's Appeal, 68 Pa. 477.

In accord with such approach, Evelyn Fisher Sperlbaum adduced evidence at the audit which established that this testator possessed a settled hatred for Charles J. Sperlbaum, the husband of Evelyn Fisher Sperlbaum, and that at about the time of the execution of the will in question, testator, by his oral declarations, clearly evidenced an intention to induce the divorce of his daughter, Evelyn Fisher Sperlbaum, from her husband, Charles J. Sperlbaum. Two witnesses were called whose evidence clearly supported this conclusion.

After careful consideration of the evidence, the arguments of counsel, and the will of this testator, the court concludes that testator's intent was to induce the divorce of Evelyn Fisher Sperlbaum from her husband, and that the condition attached to the gift to her under paragraph ninth C is hereby stricken down as offensive and as against public policy for the reasons set forth in Morton Estate, supra.

Subject to the views expressed in this adjudication concerning the distributive share of Evelyn Fisher Sperlbaum, the net ascertained balances of principal and income are awarded as suggested under the last paragraph of the petition for adjudication.

And now, October 26, 1962, this adjudication is confirmed.