HOWARD Y. KNOX, JR. *v.* ESTATE OF JOSEPH A. FREDETTE

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 164761
                        AT BRIDGEPORT

Memorandum filed January 27, 1978

*Pullman, Comley, Bradley & Reeves,* for the plaintiff.

*Coles, O'Connell, Dolan & McDonald,* for the defendant John A. Knox.

SADEN, J. This is an appeal from an order and decree of the Probate Court for the district of Stratford.

The decedent's will was admitted to probate. It includes the following provision over which this dispute arises: "My entire estate, both real and personal, of whatever nature and wherever situate, I give, bequeath and devise to my wife, Elva M. Fredette, for her natural life, with remainder to my wife's son, Howard Y. Knox, Jr., of Tiburon, California, or, if on the date of distribution to the said Howard Y. Knox, Jr., it appears that the other son of my wife, John A. Knox is no longer living with or supporting his wife, Patricia Gloria Littke Knox, I give, bequeath and devise said remainder to both Howard Y. Knox, Jr., and John A. Knox, share and share alike." Since the testator's wife and her mother are deceased, the estate is to be distributed entirely to Howard, or to Howard and John equally "if on the date of distribution . . . it appears that . . . John . . . is no longer living with or supporting his wife, Patricia Gloria Littke Knox." The Probate Court, after a full hearing at which John testified at length concerning his present relationship with his wife, ordered that the estate be distributed equally to Howard and John. From this order Howard appeals, claiming that on the date of distribution John was still living with or supporting his wife.

A few points should be noted at the outset. First, on appeal to the Superior Court from an order or decree of a probate court, the appellant is entitled to a trial de novo and the Superior Court is to render an independent determination, without regard to the result reached by the Probate Court. *Prince* v. *Sheffield,* 158 Conn. 286, 299. Second, the will provision involved, while it may be construed as encouraging a particular divorce or separation,

is valid and does not violate the public policy of this state; *Daboll* v. *Moon*, 88 Conn. 387; and will be given effect. Finally, there is no dispute between the parties that the applicable date of distribution is November 29, 1976, the date that the matter of an order of distribution came before the Probate Court for decision, and with this the court is in accord.

Thus, the sole issue before the court is whether or not on November 29, 1976, "it appears that . . . John A. Knox is no longer living with or supporting his wife." The cardinal rule in construing the terms of a will is to ascertain and effectuate the intent of the testator. *Hartford National Bank & Trust Co.* v. *Birge*, 159 Conn. 35, 40. To this end, the language in a will is construed according to its ordinary meaning. *Connecticut Bank & Trust Co.* v. *Bovey*, 162 Conn. 201, 206. The court has no problem concluding that if John is either supporting or living with his wife, it cannot be said that he is no longer living with or supporting his wife. At the trial de novo, the plaintiff submitted several exhibits, including a transcript of the proceedings before the Probate Court which contained John's testimony. After a thorough review of the exhibits submitted, it appears to the court that John "is no longer living with or supporting his wife" and is, therefore, entitled to share in the estate.

John is a sergeant first class in the United States Army. He was married to Patricia Gloria Littke in 1961 and has three children by that marriage. The oldest child is fifteen years old. He began having marital 'difficulties in January of 1975 and moved into a separate apartment in June of that year. His position in the Army requires that he travel a great deal and as a result he is away from Sacramento, the city in which both he and his wife live, a substantial amount of time, as much as fifteen to twenty

days a month. He was served with notice of a divorce action instituted by his wife in March, 1976, in which his wife asked for custody of the children and child support but did not ask for alimony. To this time no court order has been entered. John's apartment is about fourteen miles from the home of his wife and children. He visits his children almost every weekend. He arrives on Saturday and, up to three times a month, he remains there until Sunday. He has not, however, had sexual relations with his wife since they separated in June of 1975. From these facts it does not appear that John is living with his wife. He has his own apartment, and sees his wife and sleeps in her home only on weekends as an incident to visiting his children.

The question of John's support of his wife is more complex. He has a net income of $1131.93 per month. By voluntary agreement, he pays his wife $450 a month as child support. He pays nothing as alimony and she receives financial assistance from her parents. John pays the mortgage payments on the home in which his wife and children live. His wife and he hold joint title to it. He also does routine maintenance and yard work around the home when he visits the children on weekends. He does not pay the electric or gas bills and, in fact, the only money he gives to his wife is the child support payments and mortgage payments. She has withdrawn $925 from their joint savings account of approximately $1200. They also own savings certificates totaling $1500. John did not object to his wife withdrawing the $925 although their understanding was that she would withdraw no more than 50 percent of their total savings. It must be remembered that under California community property law she is a joint owner of their savings and certainly entitled to 50 percent thereof. Thus, it cannot be said that by not objecting to her withdrawal

of that amount John was supporting his wife, since she was entitled to approximately that amount. Nor can he be said to be supporting his wife by virtue of his child support payments. Certainly he has an obligation to support his children and fulfillment of that obligation in no way contravenes the conditions of the will. Finally, the mortgage payments and maintenance of the home are in discharge of his obligation to keep a roof over his children's heads and to meet a legal obligation to the mortgagee for which he could, on default, be held fully responsible.

On all the facts, it does not appear to the court that John is "supporting" his wife in the manner contemplated by the decedent's will.

Accordingly, the decree of the Probate Court is affirmed.