[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM PROBATE
This is an action to construe a will wherein the court finds the following facts:
1. Elaine Fraser Sutton died a resident of Monore, Connecticut, on February 17, 1989.
2. The decedent left a last will and testament dated January 20, 1988 (plaintiff's exhibit A).
3. Article Five of the will provided, in relevant part, that decedent's son, Philip Meade (the plaintiff), would take under the residuary clause of the will "if he is divorced or widowed from Priscilla D. Meade."
4. At the time of the decedent's death, Philip Meade was married to Priscilla D. Meade and was still married to her at the time of the hearing before this court.
5. Philip D. Meade did not become aware of this provision in his mother's will until after her death.
6. Priscilla D. Meade did not become aware of the provisions of the will until two days after the decedent's death.
Plaintiff appealed the Probate Court decision admitting the decedent's will to probate and brought the instant action to construe the provisions of Article Five. The sole question before the court is whether conditioning the residuary clause gift to plaintiff on his being divorced or widowed from his wife is void as against public policy.
A majority of jurisdictions in this country have construed such clauses as void as against public policy because they could constitute an inducement to parties to obtain a divorce. The Connecticut Supreme Court has, however, held otherwise. In Daboll v. Moon, 88 Conn. 387 (1914), the court squarely held that such a provision did not violate public policy. In that case the will provided, as stated at page 388 of the opinion: CT Page 4939
 Upon the death of the present wife of said Willard B. Moon, or if he shall obtain a divorce from her or shall become separated from her, at the end of a year from said divorce or separation, or if within said year he shall become married to a good, respectable woman, then in either of said events the said Willard B. Moon shall be entitled to and shall receive the income and property from said trust fund. . . .
The court reasoned that the above clause was not violative of public policy because the State of Connecticut allowed divorces on certain grounds "because it believes that the interest of society will thereby be better served and that its own prosperity will thereby be promoted." ( Page 391.)
The court went on to say, at page 392:
 To condition a gift upon the doing of what the State treats by its legislation as promotive of the public interest and its own prosperity, or what it requires to be done in the interest of the public health, cannot be against public policy. To make the condition void as against public policy, it must appear from the language of the will alone, or in connection with extrinsic facts, that the testator in the particular case in question conditioned his gift upon an illegal divorce or separation. . . . [Citations omitted.]
 Where it is possible that the condition may be legally performed, it will not be presumed that the testator intended an illegal performance. . . .
There was no evidence at all that the testatrix intended that her son cause the death of his wife or divorce her although she obviously did not want her daughter-in-law to benefit from her estate.
Plaintiff's sole argument is that the public policy of Connecticut has changed since 1914 and is now more favorable CT Page 4940 to maintaining marriages. This court is bound by the Daboll case which is squarely on point. In White v. Burn, 213 Conn. 307,335 (1990) the Supreme Court said:
 "This court has said that there is no question but that [a] decision of this court is a controlling precedent until overruled or qualified. . . ." [Internal quotation marks and citation omitted.]
If the public policy holding of that case is to be revisited, it should be done by the Supreme Court.
The court construes the provisions of article five of the will as valid and, accordingly, enters judgment for the defendant.
E. EUGENE SPEAR, JUDGE