[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Plaintiff has instituted this action claiming that the defendant was negligent in driving a prison van on his way to court. The plaintiff was, and is, an inmate in a Connecticut Correctional Institution and was a passenger in said van. He claims the negligence of the defendant caused the injuries that he suffered as a result of the van slamming into a gate at McDougall Correctional Institution.
This Court waived the costs and fees in this civil action for the plaintiff on the basis that he is indigent. However, the defendant has brought this motion to dismiss dated September 8, 2000 claiming that under Section 8-2 et. seq., of the Connecticut Practice Book and C.G.S. Section 52-185 the plaintiff has failed to file a bond or a recognizance for prosecution of this civil action. Based upon a review of said sections of the practice book and the aforementioned section of the general statutes as well as the well-reasoned and well-supported decision of Judge Spada in Steinkamp v. Jacque, 35 Conn. Sup. 37 (1979), this Court reluctantly agrees that the motion to dismiss should be granted. The Court particularly agrees with the finding that the legislature did not include a bond for prosecution as a matter that can be waived, and the judges of the Superior Court did not include the waiver of a bond for prosecution when adopting the rules of practice set forth in the Connecticut Practice Book. Both the legislature and the judges of the Superior Court had an opportunity to do so and did not. The legislative intent, therefore, was not to provide for a waiver of a bond for prosecution.
The Court has reviewed the plaintiff's motion of September 18, 2000, requesting the Court to pay the $250 bond or the bond to be paid by the plaintiff in periodic payments. The Court does not view the Prison Litigation Reform Act as a viable alternative. A bond of $250 is appropriate, and the Court can only suggest to the plaintiff that he accumulate that amount in his inmate account and then be prepared to pay the bond. This will, of course, mean the filing of another civil action. CT Page 12002 However, according to the complaint the accident occurred on February 16, 2000, and there is a two year statute of limitations on bringing a negligence action. Therefore, it would seem that there is adequate time for the plaintiff to accumulate the $250 and bring suit again prior to the expiration of the statute of limitations. If for some reason the prison officials will not allow the plaintiff to accumulate that amount in his prison account, the plaintiff is invited to return to the Court for a further review of the Prison Litigation Reform Act.
In the meantime, for the reasons stated above the defendant's motion to dismiss dated September 8, 2000 is granted.
Rittenband, J.